NOT RECOMMENDED FOR PUBLICATION
File Name: 12a0932n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 22, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JEFFREY J. CHRISTOFF, adoptive father, guardian, and next friend of K.C., a minor; K.C., individually, | ) ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiffs-Appellants, | ) ) | STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| OHIO NORTHERN UNIVERSITY EMPLOYEE BENEFIT PLAN, | ) ) | OPINION |
| | ) | |
| Defendant-Appellee. | ) ) | |

Before:  BOGGS, GILMAN, and DONALD, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.**  Jeffrey J. Christoff appeals from a judgment

in favor of his employer's healthcare plan, the Ohio Northern University Employee Benefit Plan, that

denied coverage for his son K.C.'s cognitive-retraining therapy and neuropsychological testing for

Attention-Deficit Hyperactivity Disorder and Cognitive Disorder Not Otherwise Specified.  The Plan

is subject to the provisions of the Employee Retirement and Income Security Act (ERISA), under

which Christoff challenges the procedures that contributed to the Plan's denial of coverage.

Specifically, Christoff argues that he was denied a "full and fair review," as mandated by 29

U.S.C. § 1133, due to five alleged procedural errors in the processing of his claim:  (1) the Plan

Administrator was affected by a conflict of interest because he also served as an employee of the

University, the largest contributor to the Plan itself; (2) the decisions of the file reviewers were

prejudiced by the fact that the Plan Administrator forwarded to each subsequent reviewer the reports of each of the prior reviewers, all of whom found against Christoff; (3) the opinions of Dr. Steven Brezny and a second reviewer from the Medical Review Institute of America are unreliable because these two reviewers either were not qualified or lacked the authorization to issue opinions on K.C.'s claim; (4) the Plan Administrator arbitrarily ignored the evidence from K.C.'s treating physician and improperly accepted reports from file reviewers who failed to comply with the Plan Administrator's instruction to speak with K.C.'s physician prior to preparing their reports; and (5) the Plan Administrator improperly relied on file reviews instead of physical examinations.

The district court concluded that each of these challenges lacked merit and that the Plan Administrator's decision to deny benefits was not arbitrary or capricious. *See DeLisle v. Sun Life Assurance Co. of Can.*, 558 F.3d 440, 444 (6th Cir. 2009) (explaining that the deferential arbitrary-and-capricious standard of review applies when the Plan Administrator is vested with the discretion to interpret the plan's terms, as he is here). We fully agree with the thorough and comprehensive analysis of the district court and thus will limit our discussion to avoid unnecessary duplication.

With respect to his first challenge, Christoff argues that a conflict of interest existed in the administrative process because the Plan Administrator is the Vice President of Financial Affairs for the University and thus has a financial incentive to deny claims. But even if we were to assume that the Vice President's link to the University would be sufficient to create a potential conflict of interest, Christoff was unable to meet the key requirement that he provide "significant evidence that the conflict actually affected or motivated the decision at issue." *Cooper v. Life Ins. Co. of N. Am.*, 486 F.3d 157, 165 (6th Cir. 2007) (internal quotation marks omitted). The evidence to which he

does point—that the reviewers received allegedly prejudicial documents as part of the file—is weak support for a conflict, particularly in light of other evidence that the Plan Administrator used independent reviewers and considered additional information that Christoff submitted on remand. We therefore decline to find a conflict of interest in the present case.

Christoff next asserts that the file reviewers' reports were not truly independent because the subsequent reviewers were prejudiced by having seen the reports of prior reviewers. But at oral argument and also before the district court, Christoff conceded that the practice of presenting prior reviewers' reports to later reviewers was routine. This practice thus does not present grounds for a finding of arbitrary or capricious conduct.

Third, Christoff challenges the Plan Administrator's reliance on reports from Dr. Brezny and the second reviewer from the Medical Review Institute of America, claiming that these physicians either lacked the qualifications or the authorization to evaluate K.C.'s condition properly. The Plan Administrator's reliance on these reports, even if problematic, did not render the decision arbitrary or capricious because the Plan Administrator had at his disposal four other reports on which to rely. *See, e.g.*, *Douglas v. Gen. Dynamics Long Term Disability Plan*, 43 F. App'x 864, 869 (6th Cir. 2002) (concluding that the Plan Administrator's decision was not arbitrary or capricious because it relied on opinions from two independent medical evaluators, both of whom concluded that the claimant was not disabled). This factor therefore does not support a finding that the Plan Administrator's decision was arbitrary or capricious.

Christoff next challenges the file reviewers' alleged failure to consider the evidence from K.C.'s treating physician or to contact the physician to discuss K.C.'s condition. This case, however,

presents a unique situation in which the reviewers were not attempting to ascertain the level of K.C.'s impairment, but were instead evaluating whether the treatment in question fell within the language of the Plan. K.C.'s treating physician did not offer a contradictory opinion on this point, and the excerpts from the reviewers' reports adequately explain why the Plan Administrator chose to follow their opinions. There is no evidence to suggest that K.C.'s treating physician could have provided information that would have altered the reviewers' decisions on this ultimate issue. Under the highly deferential standard applicable to ERISA claims, we conclude that the Plan Administrator has provided a sufficient explanation for his decision to withstand this particular challenge.

Finally, Christoff challenges the reviewers' failure to conduct a physical examination of K.C. and instead proceed with a paper review only. Such a challenge may be more relevant where the reviewers draw adverse credibility determinations or fail to address the evidence provided by the claimant. But the record in the present case indicates that the reviewers did not make any credibility determinations at all. The question posed to them asked only whether the treatment and the testing were covered by the Plan, an objective inquiry that did not rely on K.C.'s subjective reports about his condition. And, to the extent necessary, the reports do address and refute Christoff's countervailing evidence. The reviewers' failure to conduct a physical examination of K.C. therefore does not render arbitrary or capricious the Plan Administrator's reliance on the reports of the reviewers in denying Christoff's claim for benefits.

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.